UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY LEE WILLIAMS,

    Petitioner,

v.                                    Case No. 17-cv-11904
                                      Honorable Linda V. Parker

SHAWN BREWER,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING, WITHOUT PREJUDICE, THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Henry Lee Williams, ("Petitioner"), confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery and unlawful imprisonment.

On June 19, 2017, Magistrate Judge R. Steven Whalen issued an "Order to Correct Deficiency," to which Petitioner was ordered to submit two copies of his petition for writ of habeas corpus in order for the Clerk of the Court to effect service upon the respondent and the Michigan Attorney General's Office. Petitioner was given thirty days to comply with the order. Petitioner was advised that failure to comply with the order could result in dismissal of his action. To date, Petitioner has failed to comply with the order of deficiency. For the reasons

1

stated below, Petitioner's action is dismissed without prejudice for failure to comply with an order of the court.

I. **Discussion**

Petitioner's habeas application shall be dismissed without prejudice, because he failed to comply with Magistrate Judge Whalen's order of deficiency requiring Petitioner to submit two copies of his petition for service upon the respondent and the Michigan Attorney General's Office.

The habeas rules require the Clerk of the Court to serve a copy of the habeas petition and a copy of any order requiring responsive pleadings on the respondent and the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry*, No. 04-71209, 2005 WL 1861943, at * 2 (E.D. Mich. Aug. 2, 2005). Petitioner's failure to submit these copies of the petition to the Clerk of the Court rendered his habeas application deficient. *See e.g. Moore v. Hawley*, 7 F. Supp. 2d 901, 903 (E.D. Mich. 1998).

A district court is permitted to *sua sponte* dismiss a habeas action pursuant to Fed. R. Civ. P. 41(b) for a habeas petitioner's failure to prosecute or to comply with a court order. *See Adams v. Justice*, 145 F. App'x. 889, 890 (5th Cir. 2005); *Norlander v. Plasky,* 964 F. Supp. 39, 41 (D. Mass. 1997). Because Petitioner failed to comply with the order of deficiency by submitting the required copies, the

Court will summarily dismiss the petition for writ of habeas corpus without prejudice.

The Court will also deny Petitioner a certificate of appealability because the dismissal of the petition based on Petitioner's failure to cure his filing deficiency would not be debatable amongst jurists of reason. *See Soeken v. Estep*, 270 F. App'x. 734, 735-36 (10th Cir. 2008). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows reasonable jurists would find it debatable whether (1) the petitioner states a valid claim of the denial of a constitutional right, and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either the district court erred in dismissing the petition or the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

II. Order

**IT IS ORDERED** that the Petitioner's June 12, 2017 "Petition for Writ of Habeas Corpus" [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. Nothing in this order precludes Petitioner from submitting a new habeas petition with payment of the filing fee or the *in forma pauperis* application.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel [ECF No. 3] is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 11, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 11, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager