UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY LEE WILLIAMS,

    Petitioner,                    Civil No. 4:17-11904
                                        HON. LINDA V. PARKER
                                        UNITED STATES DISTRICT JUDGE
v.

SHAWN BREWER,

    Respondent,
_____/

## OPINION AND ORDER DENYING
## MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 10)

Before the Court is petitioner Henry Lee Williams' Rule 60(b) motion for relief from judgment, in which he asks the Court to reopen his case and give him additional time to cure the copy deficiency. For the reasons that follow, the motion is **DENIED** without prejudice to petitioner filing a new habeas petition.

On June 19, 2017, Magistrate Judge R. Steven Whalen issued an "Order to Correct Deficiency," to which Petitioner was ordered to submit two copies of his petition for writ of habeas corpus in order for the Clerk of the Court to effect service upon the respondent and the Michigan Attorney General's Office. Petitioner was given thirty days to comply with the order.

1

On October 11, 2017, this Court summarily dismissed the petition without prejudice because petitioner failed to timely cure the deficiency.

Petitioner filed his motion for relief from judgment on December 28, 2018.[1] In his motion for relief from judgment, Petitioner indicates that because of his limited education, he was given a "jailhouse lawyer," i.e., a fellow prisoner to assist him with his habeas petition. Based on faulty advice from this prisoner, Petitioner only filed one copy of the petition with this Court and attempted to directly serve the Attorney General of the State of Michigan with another copy. Petitioner claims that when he received the order to correct the deficiency, the prisoner who had been helping him with his petition was placed in segregation for fighting. The prisoner had the only legible copy of the petition for writ of habeas corpus in his possession. Petitioner asked a sergeant at the prison to retrieve this copy of the petition so that Petitioner could make copies. The sergeant promised to do so, but then retired from employment before obtaining the copy. In the meantime, the prisoner who had been assisting petitioner was transferred to another facility, along with the sole copy of the habeas petition. Petitioner has continued to make attempts through prison staff and fellow inmates to locate this prisoner and attempt to retrieve his petition.

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his Rule 60(b) motion on December 28, 2018, the date that it was signed and dated. *See e.g. Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

Finally, Petitioner was advised by a second prison paralegal to write this Court to obtain a copy of the petition in order to make the required copies. Petitioner claims he wrote this Court on November 26, 2018 and obtained a copy of the petition. Petitioner asks this Court to reopen the petition and grant him additional time to provide this Court with the requisite copies.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
>
> (6) any other reason justifying relief from the operation of the judgment.

"Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." *In re G.A.D., Inc.*, 340 F. 3d 331, 334 (6th Cir. 2003) (citing Fed. R. Civ. P. 60(b), and *McDowell v. Dynamics Corp. of America*, 931 F. 2d 380, 384 (6th Cir. 1991)). Petitioner's current motion, in which he argues reasons to excuse his failure to timely cure the copy deficiency, is

clearly based on subsection (1), excusable neglect. *See, e.g.*, *Williams v. Wolfenbarger*, No. 07-CV-12333, 2008 WL 108864, at * 2 (E.D. Mich. Jan. 7, 2008).

This Court summarily dismissed the petition for writ of habeas corpus on October 11, 2017. Petitioner's motion for relief from judgment was filed with this Court on December 28, 2018. Because Petitioner's Rule 60(b) motion for relief from judgment was filed more than one year after the Court denied the petition for writ of habeas corpus, petitioner is not entitled to relief from judgment.

Petitioner attempts to use the catch-all provision of subsection (6) of Rule 60(b), but he is unable to obtain relief under this subsection. A litigant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" which justify the reopening of a final judgment, "and such circumstances rarely occur in habeas cases." *Landrum v. Anderson*, 813 F.3d 330, 335 (6th Cir. 2016). Petitioner failed to show extraordinary circumstances that would justify granting him relief under Rule 60(b)(6). The original dismissal was without prejudice to petitioner filing a new habeas petition. Petitioner is free when he files that new petition to argue that the Antiterrorism and Effective Death Penalty Act's statute of limitations should be equitably tolled based on the circumstances enumerated in his current Rule 60(b) motion.

4

More importantly, a motion for relief from judgment may not be brought under Rule 60(b)(6) "if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 and n. 11 (1988)). Motions for relief from judgment that are subject to the one-year limitations period may not be disguised as motions with a more generous limitations period. *See Kalamazoo River Study Group v. Rockwell Intern.*, 355 F. 3d 674, 588 (6th Cir. 2004). Petitioner's Rule 60(b) motion is clearly based on one of the first three subsections of Rule 60(b), thus it would be error for this Court to grant petitioner relief based on 60(b)(6). *Mitchell*, 261 F. App'x at 830.

Accordingly, the motion for relief from judgment is **DENIED**. The denial is without prejudice to petitioner filing a new habeas petition under a new case number. Petitioner is free at that time to file a motion for equitable tolling of the statute of limitations contained in 28 U.S.C. § 2244(d).

              s/ Linda V. Parker
              LINDA V. PARKER
              U.S. DISTRICT JUDGE

Dated: May 21, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 21, 2019, by electronic and/or U.S. First Class mail.

              s/ R. Loury
              Case Manager